# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

_____

No. 25-40623

_____

Raymond E. Lumsden,

*Plaintiff—Appellant*,

*versus*

Paul Johnson, *District Attorney*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CV-960

_____

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Raymond Lumsden, Texas prisoner #2109472, seeks to proceed *in forma pauperis* ("IFP") on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Although *pro se* filings are afforded liberal construction, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), when an appellant fails to identify any error in the district court's analysis, it is the same as he had not appealed that issue, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40623

813 F.2d 744, 748 (5th Cir. 1987).

Lumsden's IFP filings state only that the issues on appeal are "Abuse of Discretion in dismissing the case, Contradiction of Supreme Court Precedents." He has not adequately briefed any arguments challenging the district court's reasons for dismissing his complaint and has abandoned any challenge to the ruling. *See Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748. Thus, he has failed to demonstrate that there is a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 535–39 (2015). Lumsden is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).